1  Sabrina C. Narain (SBN 299471)
   sabrina.narain@ltlattorneys.com
2  Cynthia Y. Sun (SBN 245123)
   cynthia.sun@ltlattorneys.com
3  **LTL ATTORNEYS LLP**
   300 South Grand Avenue, Suite 3950
4  Los Angeles, CA 90071
   Telephone: (213) 612-8900
5  Facsimile:  (213) 612-3773
   ltl-e-service@ltlattorneys.com
6
   Attorneys for Defendant
7  **FORD MOTOR COMPANY**

8
                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10

11 | STEVEN CHEN, an individual,              | **CASE NO.**
12 |                                          |
   |              Plaintiff,                  | **DEFENDANT FORD MOTOR**
13 |                                          | **COMPANY'S NOTICE OF**
   |        v.                                | **REMOVAL**
14 |                                          |
   | FORD MOTOR COMPANY, a                    | Judge:
15 | Delaware Corporation, and DOES 1         | Ctrm.:
   | through 10, inclusive,                   |
16 |                                          | Sup. Ct.
   |              Defendants.                 | Complaint Filed:  March 12, 2025
17 |                                          | Trial Date:       None Set

18

19

20

21

22

23

24

25

26

27

28

- 1 -                                                                   Case No.:

DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL

# NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Ford Motor Company ("Ford"), by its counsel LTL ATTORNEYS LLP, hereby removes to this court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. 30-2025-01466575-CU-BC-NJC of the Superior Court of California, County of Orange. In support of this removal, Ford states as follows:

## THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of Orange by Plaintiff Steven Chen ("Plaintiff") against Ford, entitled *Steven Chen v. Ford Motor Company*, Case No. 30-2025-01466575-CU-BC-NJC (the "State Action"). Ford is the named defendant in this action. Plaintiff filed the State Action on March 12, 2025, asserting breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness, failure to promptly repurchase product, failure to commence repairs within a reasonable time, failure to complete repairs within 30 days, failure to maintain sufficient service and repair facilities, failure to make service literature and parts available, and violation of Cal. Civ. Code § 1796.5 under the Song-Beverly Consumer Warranty Act. Plaintiff further asserts violations for advertising defective merchandise without disclosing defects in the Business and Professions Code section 17500, conversion, and negligence. *See* **Exhibit A**, Complaint.

## PROCEDURAL REQUIREMENTS

2. Defendants have thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). Alternatively, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

Ford was served with the Complaint on March 21, 2025. Ford files this removal on April 21, 2025, 32 days after service of the Complaint because the 30th day was on a Saturday. Therefore, removal of this action is timely.

3. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in Ford's possession are contained in **Exhibits A and B** filed herewith. Ford filed the Answer to the Complaint in state court on April 21, 2025, prior to the filing of this removal.

4. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District of California because this district embraces the place in which the removed action has been pending.

5. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Orange promptly after filing of same in this Court.

6. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

7. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

8. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

///

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

9. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. First, Plaintiff alleges that "[o]n or about May 7, 2024, Plaintiff purchased a 2024 Ford Bronco VIN 1FMDE7BH7RLA32112 (hereafter "Vehicle") which was manufactured, distributed, or sold by Defendants Ford Motor Company and DOES 1 to 10 (hereafter "Defendant Warrantor"). The total consideration which Plaintiff paid or agreed to pay, including taxes, license, and finance charges is $67,388.60." **Exhibit A**, Complaint, ¶ 4. Further, Plaintiff seeks "damages in the amount of at least $67,388.60." *Id.* at ¶ 1 of Prayer for Relief. Plaintiff further seeks "restitution to Plaintiff in the amount of at least $67,388.60." *Id.* at ¶ 2 of Prayer for Relief. Further, Plaintiff claims for Plaintiff's Third, Fourth, Fifth, Sixth, Seventh, and Eighth Cause of Actions a "civil penalty for each violation in the amount of not more than $134,777.20 pursuant to Civil Code § 1794(c)." *Id.* at ¶ 4-9 of Prayer for Relief. Further, Plaintiff seeks punitive, consequential, and incidental damages. *Id*. at ¶ 11 and 12 of Prayer for Relief. Further, Plaintiff seeks "reasonable attorneys' fees [.]" *Id*. at ¶ 13 of Prayer for Relief. Plaintiff seeks more than $202,165.80 in damages without including any punitive damages or attorneys' fees. *Id*. at ¶¶ 1-9. Thus, the minimum amount in controversy requirement is met.

10. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

11. "[A] court *must* include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018)

(emphasis added). The Song-Beverly Consumer Warranty Act allows for the recovery of attorney's fees. California Civil Code § 1794(d). "In estimating future attorney's fees, district courts may likewise rely on 'their own knowledge of customary rates and their experience concerning reasonable and proper fees.'" *Id*. at 795 (quoting *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). Here, Plaintiff likely includes attorney's fees in his prayer for relief under "such other relief as the Court may deem proper." Given the time and effort required to litigate a case under the Song-Beverly Act, Plaintiff could likely estimate fees of at least $10,000. This amount would be added to the astounding claim total delineated in Plaintiff's Complaint to reach $$67,388.60 plus $134,777.20 and $10,000 as the amount in controversy.

11. It is well established that punitive damages are part of the amount in controversy in a civil action," where they are recoverable under one or more of the plaintiffs claims for relief. *Gibson v. Chrysler Corp*., 261 F.3d 927, 945 (9th Cir. 2001). As Plaintiff requests punitive damages in this case under his cause of action for conversion, those damages should be estimated when calculating the amount in controversy.

## DIVERSITY OF CITIZENSHIP EXISTS

12. Plaintiff purchased the Vehicle at Ken Grody Ford in Buena Park, California. The purchase in Orange California demonstrates that Plaintiff is a citizen domiciled in the state of California. *See* **Exhibit A**, Complaint, ¶ 4.

13. Ford is, and was, at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan. *See* Declaration of Cynthia Y. Sun ["Sun Decl."], ¶ 5; **Ex. C**. This Court can take judicial notice of these facts. Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

14. For the reasons stated above, there is diversity of citizenship between Plaintiff, a California citizen, and Ford, a citizen of Michigan and Delaware.

## CONCLUSION

15. Consequently, the State Action may be removed to this Court by Ford in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Central District of California, (ii) the action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

Dated: April 21, 2025			**LTL ATTORNEYS LLP**

By: */s/ Cynthia Y. Sun*
Sabrina C. Narain, Esq.
Cynthia Y. Sun, Esq.
Attorneys for Defendant
**FORD MOTOR COMPANY**

# PROOF OF SERVICE

## STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action. My business address is 300 South Grand Avenue, Suite 3950, Los Angeles, CA 90071.

On April 21, 2025, I served the foregoing document(s) described as **DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL** on the interested parties in this action by sending a true copy thereof to the address listed below.

☐ **BY MAIL:** I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY ELECTRONIC MAIL:** I transmitted the above-listed document(s) to the e-mail address(es) set forth below on this date.

☐ **BY PERSONAL SERVICE:** I arranged for Express Network Legal Support Company Messenger Services to deliver such envelope by hand to the individuals listed below.

☐ **BY OVERNIGHT COURIER**: I caused each envelope with fees prepaid shipped by Federal Express.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 21, 2025, at Los Angeles, California.

*/s/ Yostina Wasef*
Yostina Wasef

# SERVICE LIST

*Steven Chen v. Ford Motor Company*

Orange County Superior Court Case No.: 30-2025-01466575-CU-BC-NJC

United States District Court Case No.:

| | |
|---|---|
| David A. Goldsmith, Esq.<br>Phuc Minh Le, Esq.<br>**GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION**<br>609 Deep Valley Drive, Suite 200<br>Rolling Hills Estates, California 90274<br>Telephone:  (310) 620-8560<br>Facsimile:  (310) 861-5527<br>firm@goldsmithwest.com | Attorneys for Plaintiff<br>**STEVEN CHEN** |