# **EXHIBIT A**

Electronically Filed by Superior Court of California, County of Orange, 03/12/2025 02:14:15 PM.
30-2025-01466575-CU-BC-NJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By R. Gardea, Deputy Clerk.

**GOLDSMITH WEST,**
**A Professional Law Corporation**
David A. Goldsmith (State Bar No. 232457)
Phuc Minh ("Peter") Le (State Bar No. 313323)
609 Deep Valley Drive, Suite 200
Rolling Hills Estates, California 90274
Tel: +1 (310) 620-8560 ▪ Fax: +1 (310) 861-5527
*firm@goldsmithwest.com*

Attorneys for Plaintiff Steven Chen

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ORANGE**

**NORTH CENTRAL JUSTICE CENTER**

Assigned for All Purposes
Judge Nathan Vu

| | |
|---|---|
| STEVEN CHEN, | Case Number   30-2025-01466575-CU-BC-NJC |
|  Plaintiff, | **COMPLAINT** |
| | **DEMAND FOR ELECTRONIC SERVICE** |
| v. | **DEMAND FOR JURY TRIAL** |
| FORD MOTOR COMPANY and DOES 1 to 50, | |
|  Defendants. | |

Plaintiff alleges as follows:

**Common Allegations**

1.     As used in this Complaint, the word "Plaintiff" shall mean Plaintiff Steven Chen.

2.     Plaintiff is ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 to 50.  They are sued pursuant to Code of Civil Procedure section 474.  When Plaintiff becomes aware of the true names and capacities of the Defendants sued as DOES 1 to 50, Plaintiff will amend this Complaint to state their true names and capacities.

3.     Defendants DOES 11 to 50 are persons who conspired to commit, aided, abetted, and/or ratified the conduct alleged in this Complaint.

- 1 -

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
609 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 620-8560

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
609 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 620-8560

4.      On or about May 7, 2024, Plaintiff purchased a 2024 Ford Bronco (hereafter "Vehicle") which was manufactured, distributed, or sold by Defendants Ford Motor Company and DOES 1 to 10 (hereafter "Defendant Warrantor"). The total consideration which Plaintiff paid or agreed to pay, including taxes, license, and finance charges is $67,388.60. The Vehicle was purchased and/or used primarily for personal, family, or household purposes, or qualifies as a new motor vehicle under subdivision (e)(2) of Civil Code section 1793.22. Plaintiff purchased the Vehicle in Orange County from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail whose business was in Orange County..

5.      Plaintiff's agreement to purchase the Vehicle was memorialized in a written document which provides, among other things, that "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF." Defendants DOES 21 through 30 are or, at one time, were holders of the contract and are thus subject to all claims and defenses which Plaintiff could assert against the seller.

6.      In connection with the purchase, Plaintiff received an express written warranty in which Defendant Warrantor undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant Warrantor's representative and the Vehicle would be repaired.

7.      During the warranty period, the Vehicle contained or developed various defects, including, but not limited to, defects which cause the Vehicle's illumination of the check engine light; defects which cause the Vehicle to overheat; defects which cause the Vehicle's coolant warnings; defects which cause the Vehicle's numerous other warranty lights.

8.      Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle, and has exercised a right to cancel the sale. By serving this Complaint, Plaintiff does so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code section

1  1794(b)(1), including the entire purchase price.  In the alternative, Plaintiff seeks the remedies

2  set forth in California Civil Code section 1794(b)(2), including the diminution in value of the

3  Vehicle resulting from its defects.  Plaintiff believes that, at the present time, the Vehicle's value

4  is *de minimis*.

### First Cause of Action

### By Plaintiff Steven Chen Against Defendants Ford Motor Company and DOES 1 to 30

### Breach of the Implied Warranty of Merchantability

### Cal. Civ. Code § 1794

9.      Plaintiff incorporates by reference the allegations contained in paragraphs 1
through 8, above.

10.      Pursuant to Civil Code §§ 1792 and 1791.1, the sale of the Vehicle was
accompanied by Defendant Warrantor's implied warranty of merchantability.  The duration of
the implied warranty is coextensive in duration with the duration of the express written warranty
provided by Defendant Warrantor.

11.      The implied warranty of merchantability means and includes that the Vehicle will
comply with each of the following requirements:  (1) The Vehicle will pass without objection in
the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which
such goods are used; (3) The Vehicle is adequately contained, packaged, and labeled; and (4)
The Vehicle will conform to the promises or affirmations of fact made on the container or label.

12.      During the time period in which the implied warranty was in effect, the Vehicle
contained or developed the defects stated in paragraph 7, above.  The existence of each of these
defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass
without objection in the trade under the contract description, (2) is not fit for the ordinary
purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled,
and (4) does not conform to the promises or affirmations of fact made on the container or label.

13.      Plaintiff has been damaged by Defendant Warrantor's failure to comply with its
obligations under the implied warranty, and therefore brings this claim pursuant to Civil Code §
1794.

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
609 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 820-8560

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
609 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 620-8580

1

**Second Cause of Action**

2

**By Plaintiff Steven Chen Against Defendants Ford Motor Company and DOES 1 to 30**

3

**Breach of the Implied Warranty of Fitness**

4

**Cal. Civ. Code § 1794**

5      14.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

6  through 8, above.

7      15.    Defendant Warrantor is a manufacturer, distributor, or seller who had reason to

8  know at the time of the retail sale that the Vehicle was required for a particular purpose and that

9  the Plaintiff was relying on the Defendant Warrantor's skill or judgment to select or furnish

10  suitable goods.

11      16.    Pursuant to Civil Code § 1792.1, the sale of the Vehicle was accompanied by

12  Defendant Warrantor's implied warranty that the Vehicle would be fit for Plaintiff's particular

13  purpose.  The duration of the implied warranty is coextensive in duration with the duration of the

14  express written warranty provided by Defendant Warrantor.

15      17.    On or about May 7, 2024, or during the time period in which the implied warranty

16  was in effect, the Vehicle contained or developed the defects stated in paragraph 7, above.  The

17  existence of each of these defects constitutes a breach of the implied warranty because the

18  Vehicle is not fit for Plaintiff's particular purpose.

19      18.    Plaintiff has been damaged by Defendant Warrantor's failure to comply with its

20  obligations under the implied warranty, and therefore brings this claim pursuant to Civil Code §

21  1794.

22

**Third Cause of Action**

23

**By Plaintiff Steven Chen Against Defendants Ford Motor Company and DOES 1 to 40**

24

**Breach of Express Warranty**

25

**Cal. Civ. Code § 1794**

26      19.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

27  through 8, above.

28

- 4 -

Complaint; Demand For Electronic Service; Demand For Jury Trial

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
609 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 620-8560

20.     In accordance with Defendant Warrantor's warranty, Plaintiff delivered the Vehicle to Defendant Warrantor's representative in this state to perform warranty repairs. Plaintiff may continue to do so even after this lawsuit is filed.  Plaintiff did so within a reasonable time.  Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant Warrantor and its representative of the characteristics of the defects.  However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

21.     In addition, Defendant provided a warranty by virtue of a sample or model. However, the Vehicle did not conform to the sample or model that Defendant provided.

22.     Plaintiff has been damaged by Defendant Warrantor's failure to comply with its obligations under the express warranty, and therefore brings this claim pursuant to Civil Code § 1794(a).

23.     Civil Code § 1794(a) is a statute that imposes strict liability without regard to intent and which is intended to protect the general welfare.  Defendants DOES 31 to 40 are persons who are in a position of responsibility which allows them to influence business policies or the activities of the entity Defendants in this action.  There is a nexus between their position in the entity and the violation alleged here such that they could have influenced the actions which constituted the violations.  Their actions or inactions facilitated the violations alleged herein.

24.     Defendant Warrantor's failure to comply with its obligations under the express warranty was willful, in that Defendant Warrantor and its representative were aware of their obligation to repair the Vehicle under the express warranty, but they intentionally declined to fulfill that obligation.  Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(c).

/ / /

**Fourth Cause of Action**

**By Plaintiff Steven Chen Against Defendants Ford Motor Company and DOES 1 to 40**

**Failure to Promptly Repurchase Product**

**Cal. Civ. Code § 1793.2(d)**

25.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 8, above.

26.     Defendant Warrantor and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of attempts.  Despite this fact, Defendant Warrantor failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code §§ 1793.2(d) and 1793.1(a)(2), and will continue to fail to promptly do so even after this lawsuit is filed.

27.     Plaintiff has been damaged by Defendant Warrantor's failure to comply with its obligations pursuant to Civil Code §§ 1793.2(d) and 1793.1(a)(2), and therefore brings this claim pursuant to § 1794.

28.     Civil Code § 1793.2(d) is a statute that imposes strict liability without regard to intent and which is intended to protect the general welfare.  Defendants DOES 31 to 40 are persons who are in a position of responsibility which allows them to influence business policies or the activities of the entity Defendants in this action.  There is a nexus between their position in the entity and the violation alleged here such that they could have influenced the actions which constituted the violations.  Their actions or inactions facilitated the violations alleged herein.

29.     Defendant Warrantor's failure to comply with its obligations under § 1793.2(d) was willful, in that Defendant Warrantor and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant Warrantor failed and refused to promptly replace the Vehicle or make restitution despite Plaintiff's demand.  Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c).

30.     Despite Defendant Warrantor's violation of § 1793.2(d) and its notice thereof, Defendant Warrantor failed to comply with its obligations within a reasonable time.

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
609 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 620-8560

Complaint; Demand For Electronic Service; Demand For Jury Trial

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
609 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 820-8560

1    Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages

2    pursuant to Civil Code § 1794(e).

3         31.    Plaintiff seeks civil penalties pursuant to § 1794, subdivisions (c) and (e) in the

4    alternative and does not seek to cumulate civil penalties, as provided in § 1794(f).

5    **Fifth Cause of Action**

6    **By Plaintiff Steven Chen Against Defendants Ford Motor Company and DOES 1 to 40**

7    **Failure to Commence Repairs Within a Reasonable Time**

8    **Cal. Civ. Code § 1794**

9         32.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

10    through 8, above.

11         33.    Although Plaintiff delivered the Vehicle to Defendant Warrantor's representative

12    in this state and may continue to do so even after this lawsuit is filed, Defendant Warrantor and

13    its representative failed to commence the service or repairs within a reasonable time.

14         34.    Plaintiff has been damaged by Defendant Warrantor's failure to comply with its

15    obligations pursuant to § 1793.2(b), and therefore brings this claim pursuant to § 1794.

16         35.    Civil Code § 1793.2(b) is a statute that imposes strict liability without regard to

17    intent and which is intended to protect the general welfare. Defendants DOES 31 to 40 are

18    persons who are in a position of responsibility which allows them to influence business policies

19    or the activities of the entity Defendants in this action. There is a nexus between their position in

20    the entity and the violation alleged here such that they could have influenced the actions which

21    constituted the violations. Their actions or inactions facilitated the violations alleged herein.

22         36.    Defendant Warrantor's failure to comply with its obligations under § 1793.2(b)

23    was willful, in that Defendant Warrantor and its representative were aware that they were

24    obligated to commence repair within a reasonable time, yet they failed to do so. Accordingly,

25    Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to §

26    1794(c).

27    ///

28

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
609 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 820-8560

**Sixth Cause of Action**

**By Plaintiff Steven Chen Against Defendants Ford Motor Company and DOES 1 to 40**

**Failure to Complete Repairs Within 30 Days**

**Cal. Civ. Code § 1794**

37.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 8, above.

38.     Although Plaintiff delivered the Vehicle to Defendant Warrantor's representative in this state and may continue to do so even after this lawsuit is filed, Defendant Warrantor and its representative failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code § 1793.2(b).  Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

39.     Plaintiff has been damaged by Defendant Warrantor's failure to comply with its obligations pursuant to § 1793.2(b), and therefore brings this claim pursuant to § 1794.

40.     Civil Code § 1793.2(b) is a statute that imposes strict liability without regard to intent and which is intended to protect the general welfare.  Defendants DOES 31 to 40 are persons who are in a position of responsibility which allows them to influence business policies or the activities of the entity Defendants in this action.  There is a nexus between their position in the entity and the violation alleged here such that they could have influenced the actions which constituted the violations.  Their actions or inactions facilitated the violations alleged herein.

41.     Defendant Warrantor's failure to comply with its obligations under § 1793.2(b) was willful, in that Defendant Warrantor and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so.  Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c).

/ / /

- 8 -

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
609 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 820-8560

**Seventh Cause of Action**

**By Plaintiff Steven Chen Against Defendants Ford Motor Company and DOES 1 to 40**

**Failure to Maintain Sufficient Service and Repair Facilities**

**Cal. Civ. Code § 1794**

42.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 8, above.

43.    Defendant Warrantor has failed to maintain in this state sufficient service and repair facilities reasonably close to all areas where its consumer goods are sold to carry out the terms of the warranties or to designate and authorize in this state as service and repair facilities independent repair or service facilities reasonably close to all areas where its consumer goods are sold to carry out the terms of the warranty as required by Civil Code § 1793.2(a).

44.    Plaintiff has been damaged by Defendant Warrantor's failure to comply with its obligations pursuant to § 1793.2(a), and therefore brings this claim pursuant to § 1794.

45.    Civil Code § 1793.2(a) is a statute that imposes strict liability without regard to intent and which is intended to protect the general welfare. Defendants DOES 31 to 40 are persons who are in a position of responsibility which allows them to influence business policies or the activities of the entity Defendants in this action. There is a nexus between their position in the entity and the violation alleged here such that they could have influenced the actions which constituted the violations. Their actions or inactions facilitated the violations alleged herein.

46.    Defendant Warrantor's failure to comply with its obligations under § 1793.2(a) was willful, in that Defendant was aware that it was obligated to maintain in this state sufficient service and repair facilities reasonably close to all areas where its consumer goods are sold to carry out the terms of the warranties or to designate and authorize in this state as service and repair facilities independent repair or service facilities reasonably close to all areas where its consumer goods are sold to carry out the terms of the warranty, yet it failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c).

///

- 9 -

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
609 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 620-8560

**Eighth Cause of Action**

**By Plaintiff Steven Chen Against Defendants Ford Motor Company and DOES 1 to 40**

**Failure to Make Service Literature and Parts Available**

**Cal. Civ. Code § 1794**

47.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 8, above.

48.    Defendant Warrantor has failed to make available to authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period, as required by Civil Code § 1793.2(a)(3).

49.    Plaintiff has been damaged by Defendant Warrantor's failure to comply with its obligations pursuant to § 1793.2(a)(3), and therefore brings this claim pursuant to § 1794.

50.    Civil Code § 1793.2(a)(3) is a statute that imposes strict liability without regard to intent and which is intended to protect the general welfare. Defendants DOES 31 to 40 are persons who are in a position of responsibility which allows them to influence business policies or the activities of the entity Defendants in this action. There is a nexus between their position in the entity and the violation alleged here such that they could have influenced the actions which constituted the violations. Their actions or inactions facilitated the violations alleged herein.

51.    Defendant Warrantor's failure to comply with its obligations under § 1793.2(a)(3) was willful, in that Defendant Warrantor was aware that it was obligated to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period, yet it failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c).

**Ninth Cause of Action**

**By Plaintiff Steven Chen Against Defendants Ford Motor Company and DOES 1 to 30**

**Advertising Defective Merchandise Without Disclosing Defects**

**Bus. & Prof. Code, § 17531; § 17535**

52.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 2, above.

- 10 -

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
609 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 620-8560

53.   On or about May 7, 2024, Defendant Warrantor advertised, called attention to, or gave publicity to the sale of merchandise, which merchandise was defective in any manner, without conspicuously displaying directly in connection with the name and description of that merchandise and each article, unit, or part thereof, a direct and unequivocal statement, phrase, or word which clearly indicated that the merchandise or each article, unit, or part thereof so advertised was defective, in violation of Business & Professions Code section 17531.

54.   The representations were made in a newspaper, magazine, circular, form letter or in an open publication, published, distributed, or circulated in this state, including over the Internet, or on any billboard, card, label, or other advertising medium, or by means of another advertising device.

55.   Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant Warrantor's violation of Business & Professions Code section 17531. Pursuant to Business & Professions Code section 17535, the Court may enjoin Defendant Warrantor from engaging in any future violations of section 17531, and may make such orders or judgments, including the appointment of a receiver, as may be necessary to restore to Plaintiff any money or property, real or personal, which may have been acquired by means of the violation of Business & Professions Code section 17531.

**Tenth Cause of Action**

**By Plaintiff Steven Chen Against Defendants Ford Motor Company and DOES 1 to 30**

**Conversion**

56.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 2, above.

57.   Plaintiff is the owner of and has an immediate right to possession of a specific sum of money which is capable of identification.  (*Farmers Ins. Ex. v. Zerin* (1997) 53 Cal.App.4th 445, 451-52.)  Specifically, pursuant to Civil Code § 1793.2(d), Plaintiff is entitled to restitution of the amounts paid or payable for the Vehicle from Defendant.

58.   Instead of delivering the money to which Plaintiff is entitled to Plaintiff, Defendant has wrongfully converted that money for its own use.

- 11 -

59.     As a result of Defendant's conversion, Plaintiff has suffered damages.

60.     Defendant's conduct was fraudulent, oppressive, and malicious, and thus, Plaintiff is entitled to recover punitive damages pursuant to Civil Code section 3294. Specifically, Defendant was aware of its obligation to make restitution to Plaintiff and intentionally failed to do so. In addition, Defendant falsely and intentionally misrepresented to Plaintiff that it was not obligated to make restitution. Furthermore, Defendant is aware that Plaintiff has little choice but to continue using the defective Vehicle until Defendant makes restitution, and Defendant intentionally refused to make restitution to Plaintiff with the intent of arguing that Plaintiff's continued use is a reason to deny restitution to Plaintiff.

**Eleventh Cause of Action**

**By Plaintiff Steven Chen Against Defendants DOES 41 to 50**

**Negligence**

61.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 2, above.

62.     Defendants DOES 41 to 50 (hereafter "Defendant Dealer") are engaged in the business of providing service or repair to new or used consumer goods.

63.     In undertaking to perform those services, Defendant Dealer had a duty to perform those services in a good and workmanlike manner.

64.     On a date within two years before this pleading was filed with the Court, Plaintiff sought repairs from Defendant Dealer. However, Defendant Dealer breached its duty to Plaintiff to perform those repairs in a good and workmanlike manner.

65.     As a direct and proximate result of Defendant Dealer's breach, Plaintiff has been damaged in an amount to be proven at trial.

**Twelfth Cause of Action**

**By Plaintiff Steven Chen Against Defendants DOES 41 to 50**

**Violation of Civil Code § 1796.5**

66.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 2, above.

- 12 -

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
609 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 620-8560

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
609 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 620-8560

1    67.    Defendants DOES 41 to 50 (hereafter "Defendant Dealer") are individuals,

2    partnerships, corporations, associations, or some other kind of legal relationship which engage in

3    the business of providing service or repair to new or used consumer goods.

4    68.    Pursuant to Civil Code section 1796.5, Defendant Dealer had a duty to the

5    purchaser to perform those services in a good and workmanlike manner.

6    69.    On a date within two years before this pleading was filed with the Court, Plaintiff

7    sought repairs from Defendant Dealer.  However, Defendant Dealer breached their duty to

8    Plaintiff to perform those services in a good and workmanlike manner.

9    70.    As a direct and proximate result of Defendant Dealer's breach, Plaintiff has been

10    damaged in an amount to be proven at trial.

11    **Prayer**

12    PLAINTIFF PRAYS for judgment against Defendants as follows:

13    1.    For Plaintiff's damages in the amount of at least $67,388.60.

14    2.    For restitution to Plaintiff in the amount of at least $67,388.60.

15    3.    On Plaintiff's Fourth Cause of Action, for a declaration that Defendant is legally

16    required to repurchase or replace Plaintiff's Vehicle pursuant to subdivision (d)(2) of Civil Code

17    section 1793.2, to make restitution to Plaintiff pursuant to that same section, and to brand the

18    title as required by subdivision (c) of Civil Code section 1793.23.

19    4.    On Plaintiff's Third Cause of Action, for a civil penalty for each violation in the

20    amount of not more than $134,777.20 pursuant to Civil Code § 1794(c) and (e).

21    5.    On Plaintiff's Fourth Cause of Action, for a civil penalty for each violation in the

22    amount of not more than $134,777.20 pursuant to Civil Code § 1794(c).

23    6.    On Plaintiff's Fifth Cause of Action, for a civil penalty for each violation in the

24    amount of not more than $134,777.20 pursuant to Civil Code § 1794(c).

25    7.    On Plaintiff's Sixth Cause of Action, for a civil penalty for each violation in the

26    amount of not more than $134,777.20 pursuant to Civil Code § 1794(c).

27    8.    On Plaintiff's Seventh Cause of Action, for a civil penalty for each violation in

28    the amount of not more than $134,777.20 pursuant to Civil Code § 1794(c).

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
609 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 620-8560

9.    On Plaintiff's Eighth Cause of Action, for a civil penalty for each violation in the amount of not more than $134,777.20 pursuant to Civil Code § 1794(c).

10.    For an order enjoining Defendants from engaging in any act or practice constituting a violation of Business & Professions Code section 17531.

11.    For punitive damages.

12.    For any consequential and incidental damages.

13.    For costs of the suit and Plaintiff's reasonable attorneys' fees.

14.    For prejudgment interest at the legal rate.

15.    And for such other relief as the Court may deem proper.

### Demand for Electronic Service

Plaintiff requests electronic service.  Plaintiff's counsel's electronic service address is "firm@goldsmithwest.com".  Pursuant to subdivision (e)(2) of Code of Civil Procedure section 1010.6, any party who is represented by counsel is required to electronically serve Plaintiff's counsel with any notice or document that is permitted to be served by mail, express mail, overnight delivery, or facsimile transmission.

### Demand for Jury Trial

Plaintiff demands a jury trial on all causes of action asserted herein.

Dated:  March 12, 2025

GOLDSMITH WEST, A Professional Law Corporation

By: _____
David A. Goldsmith
Attorney for Plaintiff Steven Chen

- 14 -

Complaint; Demand For Electronic Service; Demand For Jury Trial