# EXHIBIT B

1  Sabrina C. Narain (SBN 299471)
   sabrina.narain@ltlattorneys.com
2  Cynthia Y. Sun (SBN 245123)
   cynthia.sun@ltlattorneys.com
3  Kimberley C. Parkins (SBN 330086)
   kimberley.parkins@ltlattorneys.com
4  **LTL ATTORNEYS LLP**
   300 South Grand Ave., Suite 3950
5  Los Angeles, CA 90071
   Telephone: (213) 612-8900
6  Facsimile: (213) 612-3773
   ltl-e-service@ltlattorneys.com
7
   Attorneys for Defendant
8  **FORD MOTOR COMPANY**

9

              SUPERIOR COURT OF CALIFORNIA
10
                    COUNTY OF ORANGE
11

12

13  STEVEN CHEN, an individual,                **CASE NO.   30-2025-01466575-CU-BC-NJC**

14              Plaintiff,                      **DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF STEVEN CHEN'S UNVERIFIED COMPLAINT**
15      v.

16  FORD MOTOR COMPANY, a Delaware
    Corporation, and DOES 1 through 10,         Judge:    Hon. Nathan Vu
17  inclusive,                                  Dept.:    N15

18              Defendants.                     Complaint Filed:  March 12, 2025
                                                Trial Date:       None set

19

20

21

22

23

24

25

26

27

28

- 1 -                                Case No.: 30-2025-01466575-CU-BC-NJC

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Defendant FORD MOTOR COMPANY ("Defendant") hereby answers the unverified Complaint of Plaintiff STEVEN CHEN ("Plaintiff") on file as follows:

## GENERAL DENIAL

1. Pursuant to the provisions of Code of Civil Procedure section 431.30, subdivision (d), Defendant denies generally and specifically, all of the allegations contained in the Complaint and specifically denies that it caused or contributed to any alleged damages, and further denies that Plaintiff has been or will be damaged in any sum or sums, either as alleged, otherwise, or at all.

## AFFIRMATIVE DEFENSES

2. Defendant alleges on information and belief, and where information is not available but the failure to allege would result in waiver of the defense, the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State Cause of Action)

3. Plaintiff's Complaint, each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant and Defendant denies that Plaintiff was damaged in any sum or sums, or at all.

### SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

4. Defendant is informed and believes, and on that basis alleges, that some or all of Plaintiff's claims may be barred by the statute of limitations, including but not limited to limitations contained within Commercial Code section 2725, Code of Civil Procedure sections 338 and 340, and Civil Code section 1783.

### THIRD AFFIRMATIVE DEFENSE
(Estoppel)

5. Plaintiff is estopped from obtaining the relief sought or pursuing any of the claims raised or causes of actions contained in the Complaint, by virtue of their acts, failures to act, conduct, representations, admissions, and the like.

///
///

**FOURTH AFFIRMATIVE DEFENSE**

(Waiver)

6. Plaintiff has waived their right to the claims, causes of action and relief sought in this Complaint against Defendant, by virtue of their acts, failures to act, conduct, representations, admissions, and the like.

**FIFTH AFFIRMATIVE DEFENSE**

(Laches)

7. Plaintiff has unreasonably delayed the commencement of this action to the prejudice of Defendant. Therefore, the Complaint, and each and every cause of action alleged therein is barred, in whole or in part, by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

(Economic Loss Rule)

8. Plaintiff's causes of action have not accrued because Plaintiff cannot establish that they suffered injury directly from the subject vehicle or products, and therefore Plaintiff's contention that the subject vehicle or products failed to adequately perform their functions are barred by the economic loss rule.

**SEVENTH AFFIRMATIVE DEFENSE**

(Vehicle Fit for Intended Purpose)

9. Defendant is informed and believes, and on that basis alleges, that the subject vehicle was fit for providing transportation at all relevant times hereto. Accordingly, Plaintiff is not entitled to relief for breach of the implied warranty of merchantability. (*American Suzuki Motor Corporation v. Superior Court* (1995) 37 Cal.App.4th 1291.)

**EIGHTH AFFIRMATIVE DEFENSE**

(Duration of Implied Warranty)

10. Defendant is informed and believes, and on that basis alleges, that some or all of the alleged defects did not arise until more than three months had elapsed since the subject vehicle was sold to Plaintiff. Accordingly, Plaintiff is not entitled to relief for such concerns under the breach of the implied warranty of merchantability. Civil Code section 1795.5.

**NINTH AFFIRMATIVE DEFENSE**

(Lack of Maintenance and Other Exclusions)

11. Defendant is informed and believes, and on that basis alleges that Plaintiff and/or others may have improperly cared for and maintained the subject vehicle, and that some of Plaintiff's concerns may have been proximately caused by such lack of maintenance of the subject vehicle or products. Defendant reserves the right to identify additional exclusions which may be applicable.

**TENTH AFFIRMATIVE DEFENSE**

(Unreasonable or Unauthorized Use of Vehicle)

12. Defendant is informed and believes, and on that basis alleges, that some of Plaintiff's concerns may be barred by Plaintiff's unreasonable or unauthorized use of the vehicle. (Civil Code section 1794.3.)

**ELEVENTH AFFIRMATIVE DEFENSE**

(No Timely Revocation of Acceptance)

13. Plaintiff has no restitution remedy under breach of implied warranty because there was no timely revocation of acceptance before a substantial change in the condition of the goods.

**TWELFTH AFFIRMATIVE DEFENSE**

(No Reasonable Number of Attempts to Repair Afforded)

14. The Complaint, each and every cause of action therein, does not state facts sufficient to meet the statutory presumption of a reasonable number of repair attempts under the terms of the Civil Code section 1793.22(b).

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Preemption)

15. The Complaint, each and every cause of action therein, in whole, or in part, are preempted by the Federal National Traffic and Motor Vehicle Safety Act pursuant to 49 U.S.C. sections 30118 *et seq.*

///

///

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Performance)

16. Prior to the commencement of this action, Defendant fully performed, satisfied and discharged all duties and obligations it may have owed to Plaintiff arising out of any and all agreements, representations or contracts made by it or on their behalf and this action is therefore barred by the provisions of Civil Code section 1473.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Failure to Abide by Terms of Warranty)

17. Claims by Plaintiff of breach of warranty are barred because of Plaintiff's failure to give timely and appropriate notice of any claim of breach of warranty.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Failure to Use Third-Party Dispute Resolution)

18. Defendant makes available a qualified third-party dispute resolution process, and therefore, they are entitled to relief under certain provisions of the Song-Beverly Consumer Warranty Act.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Accord and Satisfaction)

19. Plaintiff is barred from recovery, in whole or in part, on the ground that Plaintiff is subject to the defense of accord and satisfaction.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Good Faith Evaluation)

20. At all times, Defendant's evaluation of Plaintiff's repurchase and/or release request has been in good faith, consequently, Plaintiff has no claim for civil penalty for any alleged willful violation.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Failure to Notify)

21. Defendant is informed and believes, and on that basis alleges, that Plaintiff has failed to provide timely notice, within a reasonable period of time after discovery of their claims and

alleged defects. As a result, Defendant has been damaged and prejudiced. Therefore, the Complaint and each cause of action therein, is barred as a matter of law.

### TWENTIETH AFFIRMATIVE DEFENSE

(Complete Performance)

22. Defendant has appropriately, completely and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Compliance with Laws)

23. Defendant has complied with all laws and regulations with regard to the subject matter of Plaintiff's Complaint and is therefore not liable to Plaintiff for any damages that they may have sustained, if any.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Good Faith)

24. At all times relevant and material to this action, Defendant acted reasonably and in good faith.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Independent Causes)

25. The alleged injuries, damages or loss, if any, for which Plaintiff seeks recovery, were the result of causes independent of any purported acts or omissions on the part of Defendant, or any of its agents, representatives or employees, thereby eliminating or reducing the alleged liability of Defendant.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Failure to Inspect)

26. Defendant alleges that Plaintiff's damages, if any, may have been caused by the failure of third parties, unrelated to Defendant, to properly inspect the subject vehicle or products, thereby eliminating or reducing the alleged liability of Defendant.

///

///

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Failure to Maintain)

27. Defendant alleges that any and all conditions in the subject vehicle or products described in the Complaint, if any there were, were solely a result of the failure to properly maintain and service the subject vehicle or products, thereby eliminating or reducing the alleged liability of Defendant.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(No Breach)

28. Defendant alleges it did not breach any duties to Plaintiff, thereby barring and/or precluding Plaintiff from recovery.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(No Affirmative Conduct)

29. Defendant alleges that there was no affirmative conduct on the part of Defendant, which allegedly caused or contributed to Plaintiff's alleged injuries and therefore Plaintiff has no cause of action against Defendant.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(No Substantial Factor)

30. Defendant alleges that the negligence and other legal fault alleged in the Complaint as against Defendant, if any, was not a substantial factor in bringing about Plaintiff's alleged injuries and, therefore, was not a contributing cause.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Excessive/Speculative Damages)

31. Defendant alleges that the damages allegedly sustained by Plaintiff, if any, was excessive, exaggerated, unreasonable, speculative, inflated or otherwise unnecessary and/or unrelated to the alleged incident.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

32. If Plaintiff suffered any loss, damage or injury, it was directly or proximately caused

by, and is the result of, Plaintiff's conduct and/or their potential failure to mitigate any such loss, damage or injury.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(Disclaimer of Incidental and Consequential Damages)

33. Defendant is informed and believes, and on that basis alleges, that by the terms of the limited warranty for the subject vehicle at issue, Defendant is not liable for incidental or consequential damages.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

(No Civil Penalty)

34. Defendant is informed and believes, and on that basis alleges, that Plaintiff is barred from the recovery of a civil penalty by reason of Plaintiff's failure to serve written notice pursuant to Civil Code section 1794, subdivision (e)(3).

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(Set Off)

35. Defendant alleges that if it is established that Defendant is in any manner legally responsible for any of the damages claimed by Plaintiff, which is denied, Defendant is entitled to a set off of these damages, if any, that resulted from the wrongful acts of Plaintiff and/or others.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Spoliation of Evidence)

36. The subject vehicle or products identified in the Complaint that was allegedly designed, manufactured and distributed by Defendant is missing, has been modified or altered and/or is no longer available for Defendant's possession, which impacts Defendant's defense in this case. Defendant is therefore entitled to relief from this spoliation, including appropriate jury instructions, admonitions and any other relief afforded by the Court.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Fees and Costs)

37. Defendant is informed and believes, and on that basis alleges, that the Complaint was brought without reasonable cause and without a good faith belief that there was a justifiable

controversy under the facts or the law which warranted the filing of the Complaint against Defendant. Plaintiff should therefore be responsible for all of Defendant's necessary and reasonable attorney's fees and defense costs as permitted by California law.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Failure to Join an Indispensable or Necessary Party)

38. Defendant is informed and believes and thereon alleges that the Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to include an indispensable or necessary party in the Complaint. In the absence of this indispensable or necessary party, complete relief cannot be accorded among the existing parties. The indispensable or necessary party is required to protect parties' interest and to avoid multiple or inconsistent obligations, if any, by the Defendant.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Arbitration Agreement)

39. Defendant is informed and believes, and on that basis alleges, that this dispute is subject to an arbitration agreement with Plaintiff such that this matter is properly brought before a qualified arbitrator rather than in the instant court.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Punitive Damages Unconstitutional)

40. Defendant is informed and believes, and on that basis allege, that an award of punitive or exemplary damages to Plaintiff would violate Defendant's constitutional rights under the provisions of the United States and California Constitutions, including but not limited to, the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution because, among other things, (1) any award of punitive or exemplary damages would be grossly out of proportion to the alleged wrongful conduct and purported injury at issue here; (2) there is no legitimate state interest in punishing the alleged wrongful conduct at issue here, or in deterring its possible repetition; (3) the alleged wrongful conduct at issue here is lawful in other jurisdictions; (4) the alleged wrongful conduct at issue here is not sufficiently reprehensible to warrant the imposition of any punitive or exemplary damages; and (5) the criteria for the imposition of punitive or exemplary damage are unconstitutionally vague

and uncertain and fail to provide fair notice of what conduct will result in the imposition of such damages.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

(Punitive Damages -- If Any -- Must Be Limited)

41. Defendant specifically incorporates by reference, as if fully set forth herein, any and all standards or limitations regarding the determination and enforceability of punitive damages awards as set forth in State Farm Mutual Automobile Insurance Company v. Campbell (2003) 123 S.Ct. 1513, and BMW of North America v. Gore (1996) 116 S. Ct. 1589.

### FORTIETH AFFIRMATIVE DEFENSE

(Unclean Hands)

42. All causes of action in this Complaint asserted by Plaintiff are barred by the doctrine of unclean hands.

### FORTY-FIRST AFFIRMATIVE DEFENSE

(Intervening and Superseding Actions)

43. Plaintiff's damages, if any, were the direct and proximate result of intervening and superseding actions on the part of other persons and entities, and not the actions of Defendant. Defendant further alleges that these intervening and superseding causes bar any recovery against Defendant by Plaintiff.

### FORTY-SECOND AFFIRMATIVE DEFENSE

(Comparative Fault)

44. Defendant is informed and believes and thereon alleges that Plaintiff and or their agents were negligent and/or at fault in or about the matter and activities described in the Complaint, and that this negligence or fault contributed to, and/or was the proximate cause of Plaintiff's alleged damages, if any. Defendant further alleges that if it is found to be negligent and that Plaintiff is entitled to recover damages against it, such recoveries should be diminished by the degree of negligence on the part of Plaintiff and/or their agents and proportioned to the degree of negligence or fault attributable to Defendant, if any.

///

**FORTY-THIRD AFFIRMATIVE DEFENSE**

(Vehicle Conformed to the Warranty)

45. Defendant is informed and believes and thereon alleges that if it is determined that the subject vehicle failed to conform at any time with any applicable warranty extended by Defendant. Defendant alleges that the vehicle is now fully in conformity with such warranty.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

(Mileage Offset)

46. Defendant alleges that it intends to take advantage of the reduction authorized by Civil Code section 1793.2, subdivision (d)(2)(C), if Defendant is found in violation of the Song-Beverly Consumer Warranty Act.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

(No Material Defects/Workmanship Defects)

47. Defendant is informed and believes and thereon alleges that the condition of the Subject Vehicle, as described in the Complaint, does not constitute material defects and/or workmanship defects.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

(Alteration)

48. The vehicle was not defective or in an unmerchantable condition at any time when it left the possession, custody and control of Defendant. Any alleged damage or defect to the subject automobile was caused and created by changes and alterations made to the vehicle, subsequent to the vehicle's manufacture and/or sale by persons other than Defendant or any of its agents, servants, or employees, thereby barring Plaintiff's recovery herein.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

(Prevention of Performance)

49. Because Plaintiff's actions both prevented and excused Defendant's performance under the Song-Beverly Act and any and all applicable warranties, Plaintiff's claims are barred in whole or in part by the prevention of performance doctrine.

///

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

(Consent)

50. The repair process to Plaintiff's vehicle was appropriate and proper and is believed to have been done with Plaintiff's consent.

## FORTY-NINTH AFFIRMATIVE DEFENSE

(Implied Warranty)

51. Each and every cause of action based upon breach of implied warranty is barred by virtue of Civil Code section 1791.1, subdivision (c).

## FIFTIETH AFFIRMATIVE DEFENSE

(Failure to Provide Reasonable Opportunity to Repair)

52. Plaintiff is precluded from any recovery pursuant to the Song-Beverly Consumer Warranty Act as Plaintiff failed and refused to provide a reasonable opportunity to repair.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

(Failure to Provide Notice)

53. Defendant is informed and believes, and based thereon alleges, that Plaintiff failed to provide notice to this answering defendant pursuant to Civil Code section 1794, subdivision (e)(3). Plaintiff is therefore barred from asserting the presumptions set forth in Civil Code section 1793.22 and from recovering civil penalties pursuant to Civil Code section 1794, subdivision (e).

## FIFTY-SECOND AFFIRMATIVE DEFENSE

(Standing)

54. Plaintiff lacks standing to pursue any of the claims herein, thereby barring or limiting Plaintiff's right to recovery or to other remedies against Defendant.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

(Business and Professions Code Section 17500 – No Violation)

55. Defendant is informed and believes, and thereon alleges that the alleged violations of California Business and Professions Code section 17500 did not occur and, if they did, Defendant's alleged acts or practices did not violate the law.

///

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

(Business and Professions Code Section 17500 – Compliance)

56. Defendant is informed and believes, and thereon alleges that all relevant times, Defendant complied with California Business and Professions Code section 17500 and is therefore not subject to liability for any alleged violations.

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

(Additional Affirmative Defenses)

57. Defendant reserves its right to raise and plead additional defenses and/or affirmative defenses which might become known during the course of discovery, as well as to dismiss any defenses which, as a result of discovery, are determined to be unsupported by good faith reliance upon either the facts or the law, or a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

**PRAYER**

WHEREFORE, Defendant prays for the following relief:

1. That Plaintiff takes nothing by reason of Plaintiff's Complaint, and that this action be dismissed in its entirety with prejudice;

2. That judgment be entered in favor of Defendant, on all causes of action;

3. That Defendant recovers its costs of suit incurred herein as well as attorneys' fees to the extent permitted by law; and

4. That Defendant be awarded such other and further relief as the Court may deem just and proper.

Dated: April 21, 2025                    **LTL ATTORNEYS LLP**

By: _____
Sabrina C. Narain, Esq.
Cynthia Y. Sun, Esq.
Kimberley C. Parkins, Esq.
Attorneys for Defendant
**FORD MOTOR COMPANY**

# PROOF OF SERVICE

## STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action. My business address is 300 South Grand Ave., Suite 3950, Los Angeles, CA 90071.

On April 21, 2025, I served the foregoing document(s) described as **DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF STEVEN CHEN'S UNVERIFIED COMPLAINT** on the interested parties in this action by sending a true copy thereof to the address listed below.

☐ **BY MAIL:** I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY ELECTRONIC MAIL:** I transmitted the above-listed document(s) to the e-mail address(es) set forth below on this date.

☐ **BY PERSONAL SERVICE:** I arranged for Express Network Company to deliver such envelope by hand to the individuals listed below.

☐ **BY OVERNIGHT COURIER:** I caused each envelope with fees prepaid shipped by Federal Express.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 21, 2025, at Los Angeles, California.

/s/ Yostina Wasef
Yostina Wasef

- i -   Case No.: 30-2025-01466575-CU-BC-NJC

PROOF OF SERVICE

**SERVICE LIST**

*Steven Chen v. Ford Motor Company*

Orange County Superior Court Case No.: 30-2025-01466575-CU-BC-NJC

| | |
|---|---|
| David A. Goldsmith, Esq.<br>Phuc Minh Le, Esq.<br>**GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION**<br>609 Deep Valley Drive, Suite 200<br>Rolling Hills Estates, California 90274<br>Telephone:  (310) 620-8560<br>Facsimile:  (310) 861-5527<br>firm@goldsmithwest.cont | Attorneys for Plaintiff<br>**STEVEN CHEN** |