JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CHEN,<br><br>               Plaintiff,<br><br>     v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>               Defendants. | Case No. 8:25-cv-00833-SRM-ADS<br><br><br>**ORDER GRANTING PLAINTIFF CHEN'S MOTION TO REMAND [15]** |

Before the Court is Plaintiff Steven Chen's ("Plaintiff Chen") Motion to Remand this Case to Orange County Superior Court ("Motion"). Dkt. 15. Defendant Ford Motor Company ("Defendant Ford") opposes the Motion. Dkt. 19. Plaintiff Chen filed a Reply in support of his Motion. Dkt. 21. Having considered the parties' briefing, the relevant law, and the record in this case, Plaintiff Chen's Motion to Remand is **GRANTED**.

## I.      BACKGROUND

On May 7, 2024, Plaintiff Chen purchased a 2024 Ford Bronco ("Bronco"), which was manufactured, distributed, or sold by Defendant Ford and DOES 1 to 10 ("Defendant Warrantor"). *See* Dkt. 1-2 at 3. Plaintiff Chen's purchase of the Bronco included taxes, license, finance charges, and a written warranty. *See id.* The warranty provided, in relevant

part, that Plaintiff Chen could deliver the Bronco for repair services to Defendant Warrantor's representative and the Bronco would be repaired if a defect developed during the warranty period. *See id*. During the warranty period, the Bronco contained or developed various defects, including, but not limited to, the illumination of the check engine light, overheating, and coolant warnings. *See id*. Plaintiff Chen "rejected and/or justifiably revoked acceptance" of the Bronco, and seeks remedies provided by California's Song-Beverly Consumer Warranty Act" *See* Dkt. 1-2 at 3–4.

On March 12, 2025, Plaintiff Chen filed this action in the Superior Court for the State of California. *See* Dkt. 1-2 at 2. The original complaint named Defendant Ford and Does 1 to 50 as Defendants, stating that the Does would be named once he learned them. *Id*. Plaintiff Chen then identified Does 41 through 50 as "Defendant Dealer." *See id.* at 13. Plaintiff Chen alleges twelve claims against Defendants: (1) Breach of Implied Warranty of Merchantability; (2) Breach of Implied Warranty of Fitness; (3) Breach of Express Warranty; (4) Failure to Promptly Repurchase Product; (5) Failure to Commence Repairs Within a Reasonable Time; (6) Failure to Complete Repairs Within 30 days; (7) Failure to Maintain Sufficient Service and Repair Facilities; (8) Failure to Make Service Literature and Parts Available; (9) Advertising Defective Merchandise Without Disclosing Defects; (10) Conversion; (11) Negligence; (12) Violation of California Civil Code Section 1796.5. *See* Dkt. 1-2 at 4–14. Specifically, Plaintiff Chen alleges claims 11 and 12 against Defendant Dealer. *See id.* at 13–14.

On April 21, 2025, Defendant Ford removed this action to federal court alleging removal is proper based on diversity jurisdiction. *See* Dkt. 1 at 1–6. Plaintiff Chen is a citizen of California. *Id*. at 5. Defendant Ford is incorporated in Delaware and has its principal place of business in Michigan. Thus, Defendant Ford is a citizen of Delaware and Michigan. *See id.* On April 30, 2025, Plaintiff Chen filed a First Amended Complaint ("FAC") joining Defendant Fiesta Ford, Inc. ("Defendant Dealer"). *See* Dkt. 13. Defendant Dealer is incorporated and has its principal place of business in California. Therefore, Defendant Dealer is a citizen of California. Dkt. 19 at 3. *See id*. On May 15, 2026, Plaintiff

-2-

Chen filed this Motion to remand this action to Orange County Superior Court claiming that Defendant Ford failed to carry its burden of proving that the Court has subject matter jurisdiction. *See* Dkt. 15 at 5. Defendant Ford opposes and argues that the complaint at the time of removal is controlling, and removability is determined based on the parties named in the pleadings at that time. *See* Dkt. 19 at 4. Plaintiff Chen argues that Defendant Ford's arguments fail because Defendant Ford does not present valid reasons for the denial of the motion. *See* Dkt. 21 at 5.

## II.    LEGAL STANDARD

Federal courts are "courts of limited jurisdiction." *See Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A defendant may remove any civil action brought in a state court of which the district courts of the United States have original jurisdiction to the district court embracing the place where the action is pending. *See* 28 U.S.C. § 1441(a). There are two types of federal subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. There are two requirements to diversity jurisdiction: (1) complete diversity, that is, each plaintiff must have different citizenship than each defendant and (2) the amount in controversy exceeds to sum or value of $75,000. *See* 28 U.S.C. § 1332. When considering whether there is complete diversity, a corporation is deemed a citizen of every State where it is incorporated and "where it has its principal place of business[.]" *See id.* at § 1332(c)(1). A corporation's principal place of business is its nerve center, which is the "place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *See Hertz Corp. v. Friend*, 559 U.S. 77, 80–81, 92–93 (2010).

A motion to remand challenges the propriety of the removal. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)). Considering the "strong presumption" against removal, the removing party carries the burden of proving that removal was proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The removal statute is strictly construed, and any doubt about the right of

removal requires resolution in favor of remand." *See Moore-Thomas*, 553 F.3d at 1244. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III.    DISCUSSION

### A.    Federal Rule of Civil Procedure 15(a)

Defendant Ford argues that Plaintiff Chen's FAC "should be treated as a nullity and stricken for the record" because it was filed without Defendant Ford's stipulation or leave of the court. *See* Dkt. 19 at 4, 6–7. A complaint is a pleading to which a responsive filing is required. *See* Fed. R. Civ. P. 12(a)(1)(A). Federal Rule of Civil Procedure ("Rule") 15(a)(1)(B), omitted by Defendant Ford, permits amending a complaint once within 21 days after service of a responsive pleading. Here, Plaintiff Chen's original complaint was filed on March 12, 2025. Dkt. 1-2 at 2. Defendant Ford filed its Answer on April 21, 2025. Dkt. 1-3. Plaintiff Chen filed the FAC on April 30, 2025, 9 days after the service of the responsive pleading. Dkt. 13. Because amendment here was filed within the timeframe established by Rule 15(a), the Court finds that Plaintiff Chen's FAC is proper.

### B.    Fraudulent Joinder

Next, Defendant Ford argues that Plaintiff Chen's joinder of Defendant Dealer was a "bad faith tactic aimed to destroy complete diversity." Dkt. 19 at 8. Defendant Ford states, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder … [.]" Dkt. 19 at 8 (quoting 28 U.S.C. § 1447(e)). To decide whether to permit joinder under 28 U.S.C. § 1447(e), the court considers factors such as whether joinder is needed for just adjudication, delay, whether joinder is intended to defeat jurisdiction, whether the claims appear valid, and prejudice to the plaintiff. *See Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 657-58 (S.D. Cal. 2000). However, the 28 U.S.C. § 1447(e) factors are neither appropriate for analyzing the joinder of Defendant Dealer, nor are they the correct standard for assessing fraudulent joinder more generally.

-4-

Here, Plaintiff Chen is not *seeking* to join Defendant Dealer—Defendant Dealer has already been joined by filing the FAC as a matter of law under Rule 15(a)(1)(B), which does not require leave of the court. As such, Rule 15 governs and the discretionary 28 U.S.C. § 1447(e) factors are not relevant. *See Lee v. Ford Motor Corp.*, No. CV1910170, 2020 WL 2835748 at *3 (C.D. Cal. May 29, 2020); *Blowers v. Ford Motor Co.*, No. 17-cv-8224, 2018 WL 654415, at *2 (C.D. Cal. Jan. 31, 2018).

Moreover, the 28 U.S.C. § 1447(e) factors are not the appropriate test for determining fraudulent joinder. *See Lee*, No. CV1910170, 2020 WL 2835748 at *3 ("While some of the § 1447(e) factors are similar to a fraudulent joinder analysis, they are not as demanding[.]"). First, the removing party must prove there is "no possibility that plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." *See Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." *Lieberman v. Meshkin, Mazandarani*, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). Second, it must appear to "a near certainty" that joinder was fraudulent. *See Lewis v. Time, Inc.*, 83 F.R.D. 455, 466 (E.D. Cal. 1979), aff'd, 710 F.2d 549 (9th Cir. 1983). Finally, the court must resolve disputed questions of fact and all ambiguities in state law in favor of the plaintiffs. *See Bravo v. Foremost Insurance Group*, 1994 WL 570643 at *2 (N.D. Cal. Oct. 11, 1994). Therefore, the defendant "must show that the relevant state law is so well settled that plaintiff 'would not be afforded leave to amend his complaint to cure th[e] purported deficiency.'" *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1063 (C.D. Cal. 2012) (quoting *Burris v. AT & T Wireless, Inc.*, No. 06–02904, 2006 WL 2038040, *2 (N.D. Cal. Jul. 19, 2006)).

Regarding the first prong, Defendant Ford must establish that there is no possibility that Plaintiff Chen will be able to establish a cause of action against Defendant Dealer in state court. *See Good*, 5 F. Supp. 2d at 807. However, Plaintiff Chen alleged a cause of action against Defendant Dealer clearly enough that Defendant Ford was able to articulate

it in their Opposition: "Plaintiff Chen's FAC further alleges that Fiesta Ford Inc., '[b]reached their duty to Plaintiff to perform [repairs] in a good and workmanlike manner.'" Dkt. 19 at 9 (internal citations omitted). Defendant Ford provides no argument as to why there is no possibility this cause of action will prevail.

As to the second prong, Defendant Ford must establish that it is a "near certainty" that joinder of Defendant Dealer was fraudulent. *See Lewis*, 83 F.R.D. at 466. Defendant Ford contends that joinder of Defendant Dealer as part of the FAC was fraudulent because Plaintiff Chen was aware of Defendant Dealer's true name years prior to filing the FAC. Dkt. 19 at 8-9. However, Plaintiff Chen is the master of the complaint; as such, it is permissible to establish—or not—the basis for a federal court's subject-matter jurisdiction. *Royal Canin*, 604 U.S. 22 at 35 ("[Plaintiff] may, for example, name only defendants who come from a different State, or instead add one from her own State and thereby destroy diversity of citizenship.").

Regarding the third prong, Defendant Ford provides no argument as to why the relevant state law is so well settled that plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency. *See Mireles*, 845 F. Supp. 2d at 1063. Accordingly, the Court concludes that Defendant Dealer has not been fraudulently joined.

## C. Diversity Subject Matter Jurisdiction

Lastly, Defendant Ford argues that the "time-of-filing" rule applies here and dictates that the operative pleading for determining jurisdiction is the state court complaint at the time of removal. Dkt. 19 at 7–8. Here, the original complaint was the operative pleading at the time of removal which had not yet identified Defendant Dealer as a Doe Defendant. Dkt. 19 at 3. The parties do not dispute that diversity is destroyed by the joinder because Plaintiff Chen and Defendant Dealer are citizens of California. *See* Dkts. 1 at 5; 19 at 3. Thus, the central question before the Court is whether Plaintiff Chen is permitted to make a post-removal addition of a non-diverse party and destroy diversity subject matter jurisdiction.

The "time-of-filing rule" considers the facts that existed upon the filing of the operative pleading. *See Grupo Dataflux v. Atlas Glob. Group, L.P.*, 541 U.S. 567, 570 (2004).  The Supreme Court clarified that the rule concerns only the actual "state of things" relevant to jurisdiction (i.e., the facts on the ground) rather than the claims and parties that the plaintiff includes in a complaint. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 36 n.5 (2025). The Court further noted that the addition of a non-diverse party typically destroys diversity jurisdiction, requiring the case's dismissal. *Id*. at 24; *see also Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374–77 (1978) (stating that an amendment asserting claims against a non-diverse party "destroy[s]" complete diversity "just as surely as" joining that party in the first instance). Thus, if joinder of a non-diverse party occurs after removal, the federal court must remand the case to the state court where the action began. *See Royal Canin*, 604 U.S. at 24; *see Powerex Corp. v. Reliant Energy Services, Inc.*, 551 U.S. 224, 231–32 (2007).

Here, the Court notes that Defendant Ford fails to challenge any "facts on the ground" supporting jurisdiction, such as contesting the citizenship of Plaintiff Chen or Defendant Dealer. *See Royal Canin*, 604 U.S. at 36 n.5. Plaintiff Chen properly identified and joined Defendant Dealer when he filed the FAC. *See* Fed. R. Civ. P. 15(a)(1)(B). Because Defendant Dealer and Plaintiff Chen are both citizens of California, the Court concludes that the operative complaint does not satisfy the complete diversity requirement. *See* 28 U.S.C. § 1332. The Court need not consider whether the amount of controversy is met because diversity jurisdiction must be satisfied by both requirements. *See id.* Accordingly, the Court finds that it does not have diversity jurisdiction over this case.

///

///

///

## IV. CONCLUSION

For the reasons above, the Court concludes that remand is appropriate. The Court **GRANTS** Plaintiff Chen's Motion to Remand. Dkt. 15. Accordingly, this matter is **REMANDED** to the Superior Court of California, County of Orange, Case No. 30-2025-01466575-CU-BC-NJC.

**IT IS SO ORDERED.**

Dated: May 28, 2026

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE